**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALIREZA RAHNAVARD** )<br> No. 21, Tuba Building )<br> Maaliabad, Shiraz )<br> Iran )<br> )<br>     *Plaintiff,* )<br> )<br>  v. )<br> )<br> **BRADLEY T. SMITH, in his official capacity as** )<br> **Director of the United States** )<br> **Department of the Treasury,** )<br> **Office of Foreign Assets Control** )<br> 1500 Pennsylvania Avenue, NW )<br> Freedman's Bank Building )<br> Washington, D.C. 20220 )<br> )<br>     *Defendant,* )<br> )<br>  and )<br> )<br> **THE UNITED STATES DEPARTMENT** )<br> **OF THE TREASURY, OFFICE OF FOREIGN** )<br> **ASSETS CONTROL** )<br> 1500 Pennsylvania Avenue, NW )<br> Freedman's Bank Building )<br> Washington, D.C. 20220 )<br> )<br>     *Defendant.* )<br> ) | Case No. 1:26-cv-1237<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

Plaintiff Alireza Rahnavard brings this Complaint to Compel Agency Action Unreasonably Delayed against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Bradley T. Smith, and in support of his complaint alleges the following:

**INTRODUCTION**

1.      Captain Alireza Rahnavard is a former ship captain who, on June 24, 2020, OFAC designated under Executive Order ("E.O.") 13599, for allegedly having acted or purported to act for or on behalf of the National Iranian Tanker Company ("NITC"), a party OFAC identified as a Government of Iran entity under E.O. 13599.

2.      As a result of his designation, Capt. Rahnavard's name was added to the Specially Designated Nationals and Blocked Persons List ("SDN List"), and all property in which he had an interest that was or came within the United States was blocked. In addition, U.S. persons were prohibited from engaging in transactions or dealings with him absent an applicable statutory exemption or a license issued by OFAC, and foreign persons who engaged in certain transactions or dealings with him were themselves subject to designation under E.O. 13599.

3.      Nearly four years ago, on May 2, 2022, Capt. Rahnavard submitted a petition for administrative reconsideration ("Petition") to OFAC seeking the rescission of his designation and the removal of his name from the SDN List. The Petition was submitted under OFAC's procedures governing removal from the SDN List and guidance on seeking such removals.

4.      Since that time, Capt. Rahnavard supplemented his Petition on one occasion with information and arguments supporting his request for removal, and has responded to two questionnaires issued by OFAC seeking information in connection with the adjudication of the Petition. Notably, Capt. Rahnavard responded to OFAC's second questionnaire over twenty months ago, on August 4, 2024. Since that time, OFAC has failed to adjudicate the Petition.

5.      OFAC's designation of Capt. Rahnavard—and OFAC's failure to adjudicate the Petition—has caused substantial harm to Capt. Rahnavard personally, professionally, and financially by prolonging his separation from his family, barring him from employment

opportunities outside of Iran, and upending his ability to conduct basic transactions to support his livelihood. Defendants have exacerbated Plaintiff's ongoing harm by unreasonably delaying adjudication of the Petition.

6.    Accordingly, Capt. Rahnavard seeks this Court's intervention to compel OFAC to adjudicate the Petition without further unreasonable delay.

## JURISDICTION AND VENUE

7.    This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

8.    This Court may grant the relief requested herein pursuant to 5 U.S.C. § 702, which waives the sovereign immunity of the United States for civil actions seeking relief other than money damages against a United States agency or officer acting in an official capacity, and pursuant to 5 U.S.C. § 706(1), which authorizes this Court to compel agency action unlawfully withheld or unreasonably delayed.

9.    Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e), as Defendants are officers and agencies of the United States residing in the District of Columbia, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

10.    Plaintiff Captain Alireza Rahnavard is an Iranian national who is, and was at all times relevant herein, resident at No. 21, Tuba Building, Maaliabad, Shiraz, Iran. Capt. Rahnavard is sanctioned pursuant to E.O. 13599 and his name is included on the SDN List.

3

11.    Defendant OFAC is an administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for maintaining and administering the SDN List. This includes by placing persons on and removing persons from the SDN List consistent with E.O. 13599 and the implementing regulations located at 31 C.F.R. Parts 501 and 560, the "Reporting, Procedures and Penalties Regulations" and "Iranian Transactions and Sanctions Regulations," respectively. OFAC was responsible for designating Capt. Rahnavard under E.O. 13599 and is responsible for adjudicating the Petition.

12.    Defendant Bradley T. Smith is the Director of OFAC. In this role, Director Smith is responsible for overseeing and directing OFAC's operations, including the adjudication of petitions for administrative reconsideration. Director Smith is sued in his official capacity.

## FACTUAL ALLEGATIONS

### A.    OFAC's Designation of Capt. Rahnavard Under E.O. 13599

13.    On June 24, 2020, OFAC designated Capt. Rahnavard pursuant to E.O. 13599 for having acted or purported to act for or on behalf of, directly or indirectly, the National Iranian Tanker Company ("NITC"), a party whose property and interests in property are blocked pursuant to E.O. 13599. *Notice of OFAC Sanctions Action*, 85 FED. REG. 39,040 (June 29, 2020); Press Release, U.S. Dep't of the Treasury, *Treasury Sanctions Five Iranian Captains Who Delivered Gasoline to the Maduro Regime in Venezuela*, June 24, 2020, *available at*: https://home.treasury.gov/news/press-releases/sm1043.

14.    The press release announcing Capt. Rahnavard's designation stated that he was designated for allegedly being "an employee of NITC and the master of the FORTUNE (IMO 9283746), a NITC-owned tanker that has delivered Iranian gasoline to Venezuela." *Id.*

4

15. As a result of his designation, Capt. Rahnavard's name was added to the SDN List, and all property in which he has an interest that was or came within the United States is blocked. In addition, U.S. persons are prohibited from engaging in transactions or dealings with him absent an applicable statutory exemption or a license issued by OFAC. Moreover, foreign persons who engage in certain transactions or dealings with him are themselves exposed to risk of designation under E.O. 13599.

**B.      Capt. Rahnavard's November 27, 2021 Request for Administrative Record**

16. On November 27, 2021, Capt. Rahnavard submitted a request to OFAC seeking disclosure of the administrative record underlying his E.O. 13599 designation ("designation administrative record").

17. Capt. Rahnavard's request for the administrative record noted that he intended to seek the removal of his name from the SDN List, and stated that he sought the designation administrative record to ensure that he could effectively challenge his designation.

18. After years of delay, on March 15, 2023, Capt. Rahnavard withdrew the November 27, 2021 request for administrative record.

**C.      Capt. Rahnavard's May 2, 2022 Petition for Administrative Reconsideration**

19. OFAC administers regulatory procedures by which persons designated pursuant to its regulations and identified on the SDN List may seek their removal from the SDN List. *See* 31 C.F.R. § 501.807. OFAC's delisting procedures allow interested parties to request reconsideration of their designations by arguing that there is an insufficient factual or legal basis for the designation; asserting that the circumstances resulting in the designation no longer apply; or proposing remedial measures that they believe would negate the basis of the designation, if adopted. *Id*.

20.    OFAC has also published guidance for persons seeking delisting. U.S. Dep't of the Treasury, Off. of Foreign Assets Control, *Filing a Petition for Removal from an OFAC List*, *available at* https://ofac.treasury.gov/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list (last visited Mar. 17, 2026). OFAC's guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." *Id*. The guidance further identifies as examples of circumstances supporting removal that there has been "a positive change in behavior" or that "the basis of [the] designation no longer exists." *Id*.

21.    On May 2, 2022, Capt. Rahnavard submitted the Petition to OFAC seeking the rescission of his designation and the removal of his name from the SDN List.

22.    The Petition argues that: (a) an insufficient basis exists for Capt. Rahnavard's designation; and (b) the circumstances underlying the designation have changed such that they no longer apply.

23.    Notably, in support of Capt. Rahnavard's argument that circumstances underlying his designation have changed such that his designation is no longer warranted, the Petition asserts that Capt. Rahnavard had not been the captain of the FORTUNE since August 2020, and had not been the captain of any NITC vessels since November 2020.

**D.    OFAC's July 20, 2022 Questionnaire**

24.    On July 20, 2022, OFAC issued a questionnaire seeking clarifying, corroborating, or other additional information relevant to its adjudication of the Petition, to which Capt. Rahnavard timely responded on October 18, 2022.

25.    Capt. Rahnavard's response to OFAC's July 20, 2022 questionnaire provided answers to each of OFAC's inquiries, including those regarding his relationship with NITC.

26.     OFAC's July 20, 2022 questionnaire asked just five questions. Capt. Rahnavard's response was just four pages long, with no annexed documents or citations to outside sources.

### E.     Capt. Rahnavard's January 22, 2023 Supplement to the Petition

27.     On January 22, 2023, Capt. Rahnavard submitted a supplement to the Petition to OFAC. Capt. Rahnavard's January 22, 2023 supplement provided documentation of his formal resignation from NITC, and asserted that such documentation further evidenced a change in the circumstances underlying his designation.

28.     Capt. Rahnavard's January 22, 2023 supplement to the Petition was just four pages long and was comprised of only a two-page letter disclosing his resignation from NITC, an annex marker, and a copy of his letter of resignation from NITC, with no further annexes or citations to outside sources.

### F.     OFAC's April 4, 2024 Questionnaire

29.     On April 4, 2024, OFAC issued a questionnaire seeking clarifying, corroborating, or other additional information relevant to its review of the Petition, and requesting a response by July 3, 2024.

30.     On July 3, 2024 and August 2, 2024, Capt. Rahnavard sought and obtained successive 30-day extensions of the date by which OFAC requested a response to the April 4, 2024 questionnaire to allow him to gather information responsive to the questionnaire.

31.     On August 4, 2024, Capt. Rahnavard timely responded to OFAC's April 4, 2024 questionnaire.

32.     Capt. Rahnavard's response to OFAC's April 4, 2024 questionnaire provided answers responsive to OFAC's inquiries, including responses to questions regarding Capt.

Rahnavard's current employment, as well as additional information regarding his past employment by NITC.

33.    In addition to responses to OFAC's questions, pursuant to OFAC's Procedures Governing Delisting from the SDN List, Capt. Rahnavard's response to OFAC's April 4, 2024 questionnaire asserted an additional argument in favor of removal by proposing remedial measures which, if adopted, would negate the basis for his designation. Specifically, Capt. Rahnavard proposed the following remedial measures:

- Capt. Rahnavard shall certify under penalty of perjury that he has terminated his employment relationship with NITC and is not undertaking any activities on behalf of, or providing any services to, NITC;

- On an annual basis for a five-year period, Capt. Rahnavard shall certify that he does not have an employment relationship with NITC, with any other Government of Iran entity, as that term is defined at 31 C.F.R. § 560.304, or with any other individual or entity identified on OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List"), and is not undertaking any activities on behalf of, or providing any services to, such parties;

- Capt. Rahnavard shall provide annual updates on his employment status, including the names of all individuals or entities from which he has received income over the prior year and a description of the employment for which income was received; and

- Capt. Rahnavard shall respond fully to any request for information from OFAC regarding his compliance with U.S. sanctions laws or regulations within 30 days of receipt of the request from OFAC for a five-year period beginning the day after Capt. Rahnavard's removal from OFAC's SDN List. In addition, for a five-year period beginning the day after Capt. Rahnavard's removal from OFAC's SDN List, if OFAC provides Capt. Rahnavard

with information that bears on his compliance with U.S. sanctions, he will respond to that information within 30 days of receipt of the request for information from OFAC.

34. OFAC's April 4, 2024 questionnaire included two questions. Capt. Rahnavard's response was five pages long, with no annexed documents or citations to outside sources.

### G. OFAC's Delayed Adjudication

35. On November 14, 2023, approximately ten months after Capt. Rahnavard submitted his January 22, 2023 supplement to the Petition and approximately thirteen months after Capt. Rahnavard's October 18, 2022 response to OFAC's July 20, 2022 questionnaire, undersigned counsel sought a status update regarding OFAC's adjudication of the Petition.

36. On November 15, 2023, OFAC responded to undersigned counsel's November 14, 2023 correspondence, stating that OFAC would provide a status update within a matter of days. OFAC provided no such update, and Capt. Rahnavard received no correspondence from OFAC until OFAC issued its April 4, 2024 questionnaire five months later.

37. On December 22, 2024, over four months after Capt. Rahnavard's August 4, 2024 response to OFAC's April 4, 2024 questionnaire, undersigned counsel sought another status update regarding OFAC's adjudication of the Petition.

38. On December 23, 2024, OFAC responded to undersigned counsel's December 22, 2024 correspondence, stating that OFAC was working to adjudicate the Petition as a matter of priority.

39. On April 22, 2025, over eight months after Capt. Rahnavard's response to OFAC's April 4, 2024 questionnaire, almost three years since his May 2, 2022 filing of the Petition, and almost five years since his June 24, 2020 designation, undersigned counsel sought another status update regarding the Petition.

40.     On April 30, 2025, OFAC responded to undersigned counsel's April 22, 2025 correspondence, stating that the agency was still reviewing Capt. Rahnavard's responses to the April 4, 2024 questionnaire—despite being in possession of the five-page response for over eight months—and was working on issuing a final determination.

41.     As of the date of this complaint, OFAC has not adjudicated the Petition or issued another questionnaire, notwithstanding that Plaintiff has availed himself of OFAC's administrative reconsideration procedures by submitting his petition for removal from the SDN List, supplementing that petition, and responding to OFAC's follow-up requests for information.

42.     Plaintiff has provided the information OFAC requested in support of adjudication of his delisting petition, and there is no further administrative step available to obtain a decision on that petition.

### H.      Harm Suffered by Capt. Rahnavard

43.     OFAC's designation of Capt. Rahnavard—and OFAC's failure to adjudicate the Petition—has caused substantial harm to Capt. Rahnavard personally, professionally, and financially, tarnishing his reputation and upending his ability to conduct basic transactions to support his livelihood.

44.     Specifically, OFAC's continued designation of Capt. Rahnavard has contributed to the prolonged separation of his family, as his wife and children immigrated to Norway shortly before OFAC's designation action. As such, Capt. Rahnavard's inclusion on the SDN List is an obstacle to his securing the visas and travel documents necessary to join them in Norway.

45.     Additionally, Capt. Rahnavard's designation has caused him to lose employment opportunities as a ship captain, as NITC is the only tanker operator in Iran—and Capt. Rahnavard is committed to not seek employment with NITC. Further, the fact that Capt. Rahnavard's name

10

remains on the SDN List has barred Capt. Rahnavard from accessing services offered by persons subject to U.S. jurisdiction, including financial institutions; as well as exposing non-U.S. service providers to U.S. sanctions for providing such support or services.

46. Capt. Rahnavard has faced, and continues to face, extensive difficulties with respect to his commercial and financial interests, as banks and other service providers refrain from engaging in transactions with him out of fear of their own sanctions exposure.

47. Capt. Rahnavard's ongoing suffering is a direct result of OFAC's failure to adjudicate the Petition and Capt. Rahnavard's continued designation under E.O. 13599.

## CAUSE OF ACTION

### COUNT I

**OFAC'S FAILURE TO ADJUDICATE CAPT. RAHNAVARD'S PETITION FOR ADMINISTRATIVE RECONSIDERATION CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT**

48. Capt. Rahnavard re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

49. The APA requires agencies to "conclude a matter presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives within a reasonable time." 5 U.S.C. § 555(b).

50. Under the APA, reviewing courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

51. Capt. Rahnavard seeks to compel a discrete agency action that Defendants are legally required to take; namely, adjudication of Capt. Rahnavard's Petition for Administrative Reconsideration. The APA requires an agency to conclude matters presented to it within a

11

reasonable time, *see* 5 U.S.C. § 555(b), and authorizes this Court to compel agency action unlawfully withheld or unreasonably delayed, *see* 5 U.S.C. § 706(1).

52.     Capt. Rahnavard has no other adequate remedy in a court to obtain a decision on his Petition for Administrative Reconsideration. Absent relief under the Administrative Procedure Act, Defendants' failure to adjudicate the Petition will continue indefinitely, and Capt. Rahnavard will continue to suffer the consequences of his designation so long as OFAC persists in refusing to render a final decision on the Petition.

53.     Defendants' delay is unreasonable under the circumstances. Capt. Rahnavard's Petition for Administrative Reconsideration has been pending for years, during which he has responded to OFAC's requests for additional information, and Defendants have not identified any timetable for decision. The matter presented is a discrete request for agency action, and the delay has extended far beyond a reasonable period adjudication.

54.     The delay is particularly unreasonable because it causes continuing and concrete harm to Capt. Rahnavard. As a result of Defendants' failure to decide the Petition, Capt. Rahnavard remains subject to ongoing restrictions and reputational consequences associated with his SDN designation, remains separated from immediate family members, and remains unable to move forward with employment and ordinary personal and financial affairs.

55.     The nearly four-year pendency of OFAC's adjudication of the Capt. Rahnavard's petition (May 2022 to present) vastly exceeds any reasonable timeframe. Further, the more than twenty-month silence since his last submission—August 4, 2024—is unreasonable given the narrow scope of the materials OFAC was reviewing—i.e., a five-page response to a two-question questionnaire. The Court need not find bad faith; the delay alone is sufficient.

56.     While no statutory deadline exists for OFAC to adjudicate delisting petitions, the absence of a deadline does not excuse indefinite delay, as Capt. Rahnavard's continued designation directly impacts his personal welfare—prolonged family separation (wife and children in Norway); inability to work in his profession; and inability to access basic financial services. This is not a matter of mere economic regulation.

57.     The burden on OFAC of adjudicating this straightforward petition—involving a low-level former employee who has formally resigned from NITC, responded to all questionnaires, and proposed comprehensive remedial measures—is minimal. The total record consists of a delisting petition, a four-page supplement, and two questionnaire responses totaling nine pages with no annexed documents.

58.     Plaintiff has exhausted all available administrative steps required to obtain adjudication of his delisting petition, and no further administrative remedy remains available to compel agency action. Indeed, well over a year ago, OFAC stated that it was working on a decision as a matter of priority.

59.     Defendants' failure to issue a decision therefore constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. §§ 555(b) and 706(1).

**RELIEF REQUESTED**

WHEREFORE, Capt. Rahnavard respectfully requests that this Court:

A.     Order OFAC to promptly adjudicate the Petition;

B.     Award Capt. Rahnavard his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et* seq., and any other applicable provision of law; and

C.        Grant such other and further relief as the Court may deem just and proper.


Dated: April 13, 2026

Respectfully submitted,

*/s/ Erich C. Ferrari*
Erich C. Ferrari, Esq.
Ferrari & Associates
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*

14